UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMIE ALAN STEADMAN,
     Petitioner,

v.                                                  Case No.: 5:26-cv-147-MW-ZCB

SHERIFF TOMMY FORD,
     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner is proceeding *pro se* in this habeas action under 28 U.S.C. § 2241.  (Doc. 1).  Before the Court is Petitioner's "Motion to Stay Bench Warrant" (Doc. 2), which the Court construes as a motion for temporary restraining order.  For the reasons below, the motion should be denied.

### I.  Background

Petitioner currently faces charges in state court.[1]  On August 4, 2020, the state court found Petitioner incompetent to proceed and granted Petitioner pretrial release.  Petitioner was ordered to "community-based competency restoration" and released to reside in Virginia.  Petitioner claims competency restoration has not been provided.  (Doc. 1 at 1-3).

---

[1] *See State v. Steadman*, No. 19001533CFMA (Bay Cnty. Cir. Ct.).

1

On August 4, 2021, Petitioner notified his state-appointed counsel that he was moving to South Carolina. Petitioner alleges that his counsel never informed the state court about the move and never told Petitioner about any hearings in the state court. After Petitioner's counsel allegedly stopped communicating with him, Petitioner missed a status hearing held by the state court on February 25, 2022. As a result, the state court issued the bench warrant Petitioner now seeks to stay. Petitioner claims his counsel refuses to file motions on his behalf in state court and that the state court has dismissed his *pro se* filings. (*Id.* at 3-4).

Petitioner claims he faces the irreparable harm of being arrested if the warrant is not stayed. Petitioner argues he is likely to succeed on the merits because Florida law requires dismissal of criminal charges after five years of incompetency. Petitioner also claims the balance of equities and public interest favor a stay. (Doc. 2 at 3-4; Doc. 1 at 5).

## II. Discussion

To receive a temporary restraining order, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the restraining order is not granted; (3) the threatened injury to the movant outweighs any injury the proposed restraining order might cause the opposing party; and (4) the

restraining order would not be adverse to the public interest.[2]  *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020).  Petitioner "bears the burden of persuasion to clearly establish all four of these prerequisites."  *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (cleaned up).  And "failure to meet even one" prerequisite justifies denial.  *Id.* at 1248.

### A. Petitioner has not shown a substantial likelihood of success on the merits.

First, Petitioner has not shown a substantial likelihood of success on the merits.  Petitioner argues he is likely to succeed on the merits because Fla. Stat. § 916.145 requires dismissal of his felony case.  (Doc. 2 at 3).  The Court disagrees for several reasons.

### 1.  Habeas relief is not available for errors of state law

Petitioner's argument that state law requires dismissal of his pending state case has no bearing on whether he will be successful in obtaining federal habeas relief.  Petitioner "is only entitled to federal habeas relief under § 2241 if he can demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States."

---

[2] The "four criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order[.]"  *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

3

*Sanders v. Granthum*, No. CV 25-107, 2025 WL 4654894, at *1 (S.D. Ala. Mar. 18, 2025) (cleaned up).  Even if Petitioner is correct that Florida law mandates dismissal of his state case, that is not a ground for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (stating that "federal habeas corpus relief does not lie for errors of state law"); *see also Broom v. Fla. Parole Comm'n*, No. 2:03-cv-435, 2008 WL 186533, at *9 (M.D. Fla. Jan. 18, 2008) ("To the extent that the Petition claims violations of state statutes or the Florida Constitution . . . , such claims are not cognizable under § 2241 or § 2254 because federal habeas relief is not available for errors of state law.").  Thus, Petitioner has not shown a substantial likelihood that he will succeed on his 28 U.S.C. § 2241 petition based on a violation of Florida law.[3]

### 2. *Younger* abstention

Petitioner also has not shown a likelihood of success on the merits because it appears *Younger* abstention poses an obstacle to Petitioner

---

[3] The Court need not address the federal claims in the § 2241 petition (Doc. 1 at 5-7) because Petitioner's TRO motion references only the alleged violation of Florida law.  (Doc. 2 at 3).  *See Brown v. Coffin*, 766 F. App'x 929, 931 (11th Cir. 2019) ("Although we read briefs filed by *pro se* litigants liberally, issues not briefed . . . by a *pro se* litigant are deemed abandoned.").

obtaining habeas relief in this case.[4]  Under *Younger*, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final."  *Johnson v. Florida,* 32 F.4th 1092, 1099 (11th Cir. 2022).  "*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue."  *Id.*

Here, as to the first two elements, it is apparent that Petitioner's state case is ongoing and that state criminal prosecutions involve important state interests.  *See id.*  As to the third element, Petitioner has not met his burden of "show[ing] that the state forum is not adequate to adjudicate [his] federal defenses."  *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023).  Petitioner's petition claims the state court's dismissal of his *pro se* filings deprived him of an adequate opportunity to raise any constitutional issues.  (Doc. 1 at 4-5, 7).  But Petitioner's filings were dismissed because he has been declared incompetent and is represented by counsel.  *See* No. 19001533CFMA

---

[4] *See Younger v. Harris*, 401 U.S. 37 (1971).

(Bay Cnty. Cir. Ct.) (docket entry dated May 19, 2026).[5]  The filings were not dismissed because Petitioner's *claims* were procedurally barred by Florida law.  *See id.*  Petitioner has also objected to the dismissal and has filed a *pro se* habeas petition in the state court—thereby showing that Petitioner is currently raising his constitutional arguments in state court.  *See id.* (docket entries dated May 22, 2026, and June 5, 2026); *see also Leonard*, 61 F.4th at 908 ("Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." (cleaned up)).

A final point on the third *Younger* element: Petitioner's state-appointed counsel's refusal to file motions that Petitioner would like her to file (Doc. 1-1 at 4) does not mean that Florida law procedurally bars Petitioner from raising his constitutional arguments in the state court.[6]

Because *Younger* abstention appears warranted, the Court must

---

[5] *See* Fed. R. Evid. 201(b)-(c); *see also Nute v. White*, 152 F.4th 1311, 1316 (11th Cir. 2025) (taking judicial notice of online state court records).

[6] *See Prouty v. Warden, Lee Cnty. Jail*, No. 2:24cv1101, 2024 WL 5293775, at *1 (M.D. Fla. Dec. 4, 2024) ("Prouty argues the Court should overlook the abstention principle because he is not satisfied with his state-appointed attorney or the responsiveness of the state court.  The Court does not find these circumstances sufficient to overcome *Younger*.  Nor do they warrant application of a recognized exception to the *Younger* doctrine.").

determine if any exception applies. There are three narrow exceptions to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson*, 32 F.4th at 1099.

Petitioner argues that he faces irreparable injury and that extraordinary circumstances exist because the state court is not adjudicating anything. (Doc. 1 at 7). The Court construes these arguments as invoking the *Younger* exceptions for irreparable injury and no adequate alternative state forum. But neither of those exceptions appears to apply here.

As to irreparable injury, the mere fact that Petitioner faces arrest and prosecution is not an injury sufficient to circumvent *Younger* abstention. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 and n.7 (11th Cir. 2004) (noting that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury in the special legal sense of that term" (cleaned up)).

Petitioner has also failed to show that there is no adequate alternative state forum to raise his constitutional claims. As mentioned,

7

Petitioner has a pending state habeas petition. *See* No. 19001533CFMA (Bay Cnty. Cir. Ct.) (docket entry dated June 5, 2026). And nothing suggests Petitioner cannot appeal to the Florida appellate courts if the state trial courts deny relief on the state habeas petition. *See Dixon v. Polisknowski*, No. 4:25cv268, 2025 WL 3646607, at *2-3 (N.D. Fla. July 25, 2025) (abstaining under *Younger* where petitioner appealed a state court's competency decision and "filed a habeas petition which was denied by the circuit court"), *adopted*, 2025 WL 3645865 (N.D. Fla. Dec. 15, 2025).[7]

### 3. Petitioner's claims appear unexhausted

Lastly, Petitioner has not shown a substantial likelihood of success on the merits because his claims appear unexhausted. A "district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson*, 32 F.4th at 1095-96 (cleaned up). In § 2241 cases, "[e]xhaustion has two essential requirements . . . ." *Id.* at 1096. First, "a federal claim must be fairly presented to the state courts."

---

[7] Although not raised in the motion, it bears mentioning that Petitioner's speedy trial claims do not appear to constitute extraordinary circumstances sufficient to overcome *Younger*. *See Johnson*, 32 F.4th at 1099 (collecting cases holding that federal courts should abstain from considering speedy trial claims at the pre-trial stage barring an independent showing of bad faith or other extraordinary circumstances).

8

*Id.* Second, a petitioner "must take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* (cleaned up).

Petitioner claims exhaustion should be excused because the state court dismissed his *pro se* filings and his attorney will not file anything on his behalf. (Doc. 1 at 4-5). The Court disagrees. Nothing before the Court suggests that Petitioner has taken his claims to Florida's appellate courts or that he has been precluded by Florida law from doing so. As such, it appears that Petitioner has not exhausted his state court remedies. *See Corpus v. Sec'y, Dep't of Child. & Fam. Servs.*, No. 2:24cv812, 2024 WL 4443116, at *1 (M.D. Fla. Sept. 25, 2024) ("Corpus sought collateral relief in state court by filing a Petition for Writ of Habeas Corpus . . . . [The state court] denied the petition on August 5, 2024. Corpus did not appeal. Because Corpus has not exhausted the means of relief available to him under Florida law, his federal habeas petition is premature.").

**B. Petitioner has not shown that staying the bench warrant will not be adverse to the public interest.**

Although the failure to show a substantial likelihood of success on the merits is sufficient to deny Petitioner's motion, the motion is also due to be denied because Petitioner has not shown that the public interest

9

favors granting his motion.  Petitioner argues the public has no interest in incarcerating him on charges that must be dismissed under state law. Petitioner also argues the public interest is served by allowing this Court to resolve constitutional questions before harm occurs.  (Doc. 2 at 3-4). The Court disagrees.

As to Petitioner's first argument, "equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006).  Given the State's strong interest in prosecuting criminal cases, Petitioner has not shown that the public interest weighs in favor of granting his motion and staying the bench warrant.  *See Robinson v. Kaufman*, No. 1:11cv657, 2011 WL 7431075, at *1 (M.D. Ala. Dec. 13, 2011) (declining to enjoin state criminal proceedings because, *inter alia*, the public interest favored not interfering with the state criminal process), *adopted*, 2012 WL 651646 (M.D. Ala. Feb. 29, 2012); *Georgia v. Clark*, No. 1:23cv3721, 2023 WL 11796094, at *5 (N.D. Ga. Nov. 9, 2023) (declining to stay remand of a criminal case removed under 28 U.S.C. § 1455 because "the public interest in this case favors comity and federalism, which would not be served by issuing an emergency stay of the remand order").

As to the second argument, Petitioner has not shown that the state court is not competent to hear Petitioner's constitutional challenges. "Article VI of the United States Constitution declares that the Judges in every State shall be bound by the Federal Constitution, laws and treaties. Thus, the state courts share equivalently with the federal courts the responsibility of protecting constitutional guarantees. Absent facts to the contrary it must be presumed that this obligation will be fulfilled." *Williams v. Rubiera*, 539 F.2d 470, 474 (5th Cir. 1976) (cleaned up).[8]  In other words, "principles of equity and comity" underlie the rule that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *Hughes*, 377 F.3d at 1262-63.

Because the Florida courts are capable of hearing Petitioner's constitutional claims in the first instance, Petitioner has not shown that the public interest weighs in favor of a federal court interfering with the state criminal proceedings. *See Williams*, 539 F.2d at 474 ("This Court will not enter into valid state proceedings upon the presage of plaintiff that her claim will not be recognized in Florida courts.  The concern of

---

[8] *See Joyner v. City of Atlanta*, 170 F.4th 1320, 1342 n.5 (11th Cir. 2026) ("Decisions by the former Fifth Circuit handed down before October 1, 1981, are binding [in the Eleventh Circuit].").

comity is not whether a state litigant would win or lose, but whether the claim to constitutional right would be fairly considered."); *Johnson*, 32 F.4th at 1101 ("[T]he state judicial system may retain undisturbed jurisdiction despite possibly erroneous trial court disposition of constitutional issues.  Mere errors or mistakes by the state trial court are not special circumstances which justify federal intervention." (cleaned up)).

## C. Petitioner has not shown that the threatened injury to him outweighs any potential injury to the opposing party.

Additionally, Petitioner has not shown that the threatened injury to him outweighs the potential injury to the opposing party.  As discussed above, the State of Florida has a strong interest in prosecuting its criminal cases without federal interference.  And Petitioner has not shown that the potential threatened injury he would face outweighs the potential injury to the State from federal court interference with the State's prosecution.  *See Clark*, 2023 WL 11796094, at *4 (declining to stay remand of criminal case) ("[T]he State has a strong interest in its criminal prosecutions being free from federal interference . . . .  Thus, the strong federalism interests at stake here counsel that the Court weigh the potential for the State to be prejudiced against Clark's stay request.").

12

## III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Petitioner's "Motion to Stay Bench Warrant" (Doc. 2) be **DENIED**.

At Pensacola, Florida this 24th day of June 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### <u>Notice to the Parties</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.