UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMIE ALAN STEADMAN,
Petitioner,

vs. Case No.: 5:26-cv-147-MW-ZCB

SHERIFF TOMMY FORD,
Respondent.
_____________________________________/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* habeas petition under 28 U.S.C. § 2241. (Doc. 1). The petition challenges Petitioner's ongoing state criminal proceedings. For the reasons below, this case should be dismissed because abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

### I. Background

Petitioner currently faces charges in state court. *See State v. Steadman*, Case No. 19001533CFMA (Bay Cnty. Cir. Ct.).[1] On August 4, 2020, the state court found Petitioner incompetent to proceed in a separate case and granted Petitioner pretrial release in Case No.

[1] *See* Fed. R. Evid. 201(b)-(c); *Nute v. White*, 152 F.4th 1311, 1316 (11th Cir. 2025) (taking judicial notice of online state court records).

19001533CFMA.[2] Petitioner was ordered to "community-based competency restoration" and released to reside in Virginia. Petitioner claims competency restoration has not been provided. (Doc. 1 at 1-3).

On August 4, 2021, Petitioner notified his state-appointed counsel that he was moving to South Carolina. Petitioner alleges that his counsel never informed the state court about the move and never told Petitioner about any hearings in the state court. After Petitioner's counsel allegedly stopped communicating with him, Petitioner missed a status hearing held by the state court on February 25, 2022. As a result, the state court issued a bench warrant. Petitioner says that his counsel refuses to file motions on his behalf in state court and that the state court has dismissed his *pro se* filings. (*Id.* at 3-4).

Petitioner claims he is being improperly restrained based on untimely charges, indefinite prosecution, denial of access to courts, and speedy trial violations. (*Id.* at 5-7). Petitioner seeks the dismissal of all criminal charges. (*Id.* at 7-8).

---

[2] Petitioner was found incompetent to proceed in the felony case on August 26, 2020. *See Steadman*, Doc. 140, Case No. 19001533CFMA (Bay Cnty. Cir. Ct.).

The Court initially reviewed the habeas petition and determined that it appeared *Younger* abstention applied.[3] (Doc. 7). For this reason, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed. (*Id.*). The deadline to respond to the show cause order has passed, and Petitioner has not responded.

## II. Discussion

Dismissal of the habeas petition is warranted because of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is

---

[3] *See* Rule 4, Rules Governing § 2254 Cases (requiring prompt judicial review of a habeas petition and explaining that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"); *see also* Rule 1(b), Rules Governing § 2254 Cases (stating that a district court "may apply any or all of these rules to a habeas corpus petition" that has not been filed under § 2254); *Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention grounds in a case that attempted to challenge an ongoing state criminal prosecution); *McGowan v. Dir. of Miami-Dade Dep't of Corr.*, No. 22-13720, 2023 WL 7321634, at *1 (11th Cir. June 7, 2023) (finding that "reasonable jurists would not debate the district court's [*sua sponte*] dismissal" of the habeas petition because "the district court correctly determined that [the petitioner's] claims were subject to the *Younger* abstention doctrine" (cleaned up)).

not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022). "*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id.* There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

Here, the requirements of *Younger* abstention are met. First, there are state criminal proceedings against Petitioner pending in state court. *See State v. Steadman*, Case No. 19001533CFMA (Bay Cnty. Cir. Ct.). Second, a state criminal prosecution involves important state interests. *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining that the state has an important interest in prosecuting criminal offenses).

Third, to the extent Petitioner asserts he has been unable to vindicate his constitutional rights because the state court has been dismissing his *pro se* filings and not adjudicating anything (Doc. 1 at 4-5, 7), he has not shown that he has been procedurally prevented from

raising his federal claims in the state courts. Since being declared incompetent to proceed, Petitioner has submitted numerous *pro se* filings in the state court, including a *pro se* habeas petition. *See Steadman*, Docs. 180 to 183, 185 to 188, Case No. 19001533CFMA (Bay Cnty. Cir. Ct.). Thus, Petitioner has not met his burden of "show[ing] that the state forum is not adequate to adjudicate [his] federal defenses." *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023); *see Johnson*, 32 F.4th at 1101 ("For abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]" (cleaned up)). Moreover, Petitioner is represented by counsel in the state criminal proceedings. There is no reason to believe that the Florida state court where the criminal action is pending will not afford Petitioner an adequate opportunity to raise the issues presented in his § 2241 petition.[4]

---

[4] Petitioner's dissatisfaction with his state-appointed attorney in the criminal case (Doc. 1-1 at 4) is also insufficient to overcome *Younger*. *See Prouty v. Warden, Lee Cnty. Jail*, 2024 WL 5293775, at *1 (M.D. Fla. Dec. 4, 2024) ("Prouty argues the Court should overlook the abstention principle because he is not satisfied with his state-appointed attorney or the responsiveness of the state court. The Court does not find these circumstances sufficient to overcome *Younger*. Nor do they warrant

Because the three requirements of *Younger* abstention are met, "abstention is warranted unless [Petitioner] can show that one of the exceptions applies." *Leonard*, 61 F.4th at 911. None do. Looking first to the bad-faith exception, "bad faith in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Id.* (cleaned up). Here, to the extent Petitioner has even invoked the bad-faith exception, he has not shown that the state prosecution was brought with no "reasonable expectation" of securing a conviction. Thus, he has not satisfied *Younger*'s bad-faith exception. *See Narciso v. Walker*, 811 F. App'x 600, 602-03 (11th Cir. 2020) (noting that "unsupported" and "conclusory allegations do not rise to the level necessary to justify an exception to *Younger* abstention" (cleaned up and collecting cases)).

The Court will now turn to the second exception. To show irreparable injury in the context of an ongoing state criminal prosecution, Petitioner must demonstrate that "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. Petitioner has not made such a showing here. The mere fact that Petitioner faces arrest and

---

application of a recognized exception to the *Younger* doctrine.").

prosecution (Doc. 1 at 7) is not an injury sufficient to circumvent *Younger* abstention. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 & n.7 (11th Cir. 2004) (noting that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury in the special legal sense of that term" (cleaned up)). Thus, there is no reason for the Court to believe that abstaining will result in Petitioner suffering irreparable injury.

As for the third exception, Petitioner has failed to show that the Florida state courts are an inadequate forum to raise his constitutional challenges. "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (cleaned up). Put another way, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]" *Id.* at 908 (cleaned up). Petitioner has pointed to nothing in Florida state law or procedure that would prohibit him from raising in state court the same issues he has raised in his § 2241 petition. Indeed, Florida state courts regularly entertain and adjudicate such issues. And nothing suggests Petitioner cannot appeal to the Florida appellate courts if the

state trial courts deny relief. *See Lewis v. Broward Cnty. Sheriff Off.*, No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) ("Lewis failed to meet his burden to show that he lacked an adequate, alternative state forum to raise his constitutional claims because the record demonstrated his state proceedings were ongoing and he had been able to raise other claims to the state court, including his petitions for mandamus and motion to remove his appointed counsel, but failed to challenge the state court's bond decision or file a state habeas petition.").

For these reasons, *Younger* abstention serves as a basis for dismissal of this case. *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention grounds in a case that attempted to challenge an ongoing state criminal prosecution); *see also Rossi v. State of Florida* No. 4:26cv121, 2026 WL 1954377, at *1-4 (N.D. Fla. May 8, 2026) (dismissing pretrial detainee's § 2241 petition *sua sponte* on *Younger* abstention grounds), *adopted*, 2026 WL 1952759 (N.D. Fla. July 6, 2026).

## III. Conclusion

Because Petitioner's habeas petition is subject to *Younger* abstention, this matter should be dismissed without prejudice.

## IV. Certificate of Appealability

When a § 2241 "petitioner's detention arises out of process issued by a State court, he must obtain a certificate of appealability to appeal." *Georgia v. Shafer*, 119 F.4th 1317, 1321 (11th Cir. 2024) (cleaned up). "To obtain a certificate, the petitioner must make 'a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The habeas petition under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED without prejudice** based on *Younger* abstention.

2. A certificate of appealability be **DENIED**.

3. The Clerk of Court be instructed to close this case.

At Pensacola, Florida this 13th day of August 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.